| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | JUSTIN L. LEE<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | Attorneys for Plaintiff<br>United States of America |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00108-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| THOMAS RUMPH, | DATE: January 10, 2019<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 10, 2019.

2. By this stipulation, the defendant now moves to continue the status conference until March 7, 2019, at 9:30 a.m., and to exclude time between January 10, 2019, and March 7, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes police reports and the defendant's rap sheet. All of this discovery has been produced directly to counsel.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

b) The defendant made his initial appearance in federal court on May 30, 2018.

c) On July 9, 2018, the United States and prior counsel for the defendant discussed the case and the course of the proceedings. Defense counsel desired additional time to review the discovery, conduct research into the case, to discuss the case with his client, and otherwise prepare for trial in this matter.

d) On August 16, 2018, the United States and prior counsel for the defendant met and discussed potential resolution of the case. Defense counsel requested additional discovery from the United States and relayed that the defense may need to conduct additional research and record requests before a final determination can be made regarding resolution of the case. Thus, defense counsel required additional time to review the requested discovery and secure the necessary records related to the defendant's prior criminal convictions.

e) On September 12, 2018, the United States provided additional discovery to prior defense counsel.

f) On September 26, 2018, the United States and prior counsel for the defendant discussed the status of the case. Counsel for the defendant conveyed that he had recently met with the defendant and that they needed more time to decide how to proceed. Defense counsel needed additional time to review the discovery in this case, conduct research related to potential mitigating evidence, and consult with the defendant.

g) On October 18, 2018, prior defense counsel withdrew from the case and the Federal Defender's Office was appointed to represent the defendant.

h) On January 8, 2019, the United States and defense counsel discussed the status of the case. Counsel for the defendant conveyed that she needed additional time to meet with the defendant and discuss the case prior to determining whether the case would resolve or proceed to trial.

i) Counsel for defendant believes that failure to grant the above-

requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

j) The government does not object to the continuance.

k) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

l) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 10, 2019, to March 7, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 8, 2019         McGREGOR W. SCOTT
                               United States Attorney

                               /s/ JUSTIN L. LEE
                               JUSTIN L. LEE
                               Assistant United States Attorney

Dated: January 8, 2019         /s/ MIA CRAGER
                               MIA CRAGER
                               (as authorized on January 8, 2019)
                               Counsel for Defendant
                               THOMAS RUMPH

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 8th day of January, 2019.

_____
Troy L. Nunley
United States District Judge